IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| (1) **JOSE PERAZA, Individually, and** as Father and Next Friend of the minor Children, <br> (2) **MARIBEL PERAZA, Individually** and as Mother and Next Friend of: <br> (3) **R.P., a minor child,** <br> (4) **D.P., a minor child,** <br> (5) **T.P., a minor child,** <br><br>         **Plaintiffs,** <br><br> vs. <br><br> (1) **RJ AUTO MOTORS, Inc.,** a Texas Corporation, <br> (2) **JUAN FERNANDEZ MADERO,** <br><br>         **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiffs, Jose Peraza and Maribel Peraza, Individually and as Parents and Next Friends of their minor children, R.P., D.P., and T.P. (hereinafter "Plaintiffs"), by and through their undersigned counsel of record, and for their causes of action against the Defendants, alleges and states as follows:

### **NATURE OF THE CASE**

1. This is a civil action for personal injuries arising out of a motor vehicle accident on December 31, 2014, on U.S. Highway 277 south, in which a semi-truck negligently operated

1

by Defendant Juan Madero, and owned by Defendant RJ Auto Motors, caused a collision with the vehicle occupied by Plaintiffs. The Defendants negligence was a substantial contributing factor in causing Plaintiff's injuries.

## PARTIES

2. Plaintiff Jose Peraza is married to Maribel Peraza and is the father of the listed Plaintiffs who are minor children. He is a resident of Tulsa, Oklahoma, and was the driver of the vehicle at the time of the collision.

3. Plaintiff Maribel Peraza is married to Jose Peraza and is the mother of the listed Plaintiffs who are minor children. She is a resident of Tulsa, Oklahoma, and was a restrained passenger at the time of the collision.

4. Plaintiff R.P. is the minor child of Jose and Maribel Peraza and was seven (7) years old at the time of the collision with Defendant. R.P. was a restrained passenger at the time of the collision.

5. Plaintiff D.P. is the minor child of Jose and Maribel Peraza and was nine (9) years old at the time of the collision with Defendant. D.P. was a restrained passenger at the time of the collision.

6. Plaintiff T.P. is the minor child of Jose and Maribel Peraza and was thirteen (13) years old at the time of the collision with Defendant. T.P. was a restrained passenger at the time of the collision.

7. Defendant RJ Auto Motors, Inc., is incorporated in Texas and has a principal place of business in El Paso, Texas. Defendant RJ Auto Motors is a company whose principal business is transporting motor vehicles in Interstate commerce, and has a U.S. Department of Transportation number of #1458149.

8. Defendant Juan Fernandez Madero, is a person believed to be a Mexican national with his principal residence in Juarez, Mexico. Defendant Madero was employed by Defendant RJ Auto Motors at the time of the collision and was acting as an agent, servant and/or employee of Defendant RJ Auto Motors.

## VENUE AND JURISDICTION

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000), and Plaintiffs are citizens of states which are different from the state where Defendants are incorporated and have their principal places of business.

10. Venue is proper in the Northern District of Texas because the accident occurred in Haskell County, Texas, which falls within the jurisdiction of this Court. The Plaintiffs were transported by ambulance to a hospital located in Haskell County, thus, any potential witnesses related to the emergency care of the Plaintiffs are within the jurisdiction of this court. Further, the Texas Department of Safety conducted an investigation at the scene of the accident, and any potential witnesses to this accident are likely to be located in Haskell County, Texas.

## FACTUAL ALLEGATIONS

11. At approximately 4:17 am on December 31, 2014, the Defendant's semi-truck was traveling south on Highway 277 near county road 430, in Haskell County, Texas. Defendant Madero was towing a large trailer equipped for the transportation of passenger vehicles.

12. Sometime in the early morning hours of December 31, 2014, the semi-truck operated by Defendant Madero lost control due to its unsafe speed and rolled over on its side. The underside of the semi-truck and trailer was facing towards oncoming traffic, and was completely blocking the southbound lanes and part of the shoulder.

13. Since the truck was overturned and the bottom of the truck was facing oncoming traffic, and there were no lights on the bottom of the truck to warn other drivers, drivers of oncoming vehicles were not be able to see the truck until it was too late to be able to bring a vehicle to a safe stop without colliding with the Defendant's truck.

14. It was at this time that Plaintiffs were traveling south on the same highway unaware of the overturned truck ahead of them that was blocking their lane of travel. Since it was dark outside, and there were no highway lights to illuminate the roadway, and there were no lights on the bottom of the Defendant's truck to warn them of the impending danger, the Plaintiff was unable to stop his vehicle in time before colliding with the Defendant's truck.

15. As a result of the collision with Defendant's semi-truck and trailer, the Plaintiffs suffered physical and emotional pain and suffering, to include the need for surgery and related future medical expenses.

16. Upon information and belief, Defendant RJ Auto Motors recklessly and intentionally engaged in a pattern and practice of having its drivers violate F.M.C.S.A. regulations as it relates to drivers that were routinely working driving shifts longer than permitted, driving more hours per day than permitted under F.M.C.S.A. regulations, driving more consecutive hours without rest than permitted under the limits set for under the F.M.C.S.A. regulations, working more hours per week than permitted under the F.M.C.S.A. regulations, and having its drivers operate vehicles on the public roadways that were unfit and/or unsafe.

### First Count – Plaintiff Jose Peraza
*Negligence & Negligence per se*
*Defendant Juan Madero*

17. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

18. Defendant Madero had a duty to act reasonably and use due care while driving. Defendant Madero had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Texas, to maintain proper speed for the conditions, to reduce the speed of his truck to avoid an accident, and to pay full time and attention to the operation of his vehicle and to avoid a collision.

19. Defendant Madero had a duty to "not drive at a speed that is greater than is reasonable and prudent under the circumstances then existing" and to have "a regard for actual and potential hazards then existing." (Texas Transportation Code: Chapter 545: Subchapter H: Sec. 545.351).

20. Defendant Madero breached those duties of care, and violated Texas State law with respect to those duties, which was the direct and proximate cause of the injuries sustained by Plaintiff Jose Peraza, and were incurred without contributory negligence or assumption of the risk of the part of Plaintiff, or an opportunity for Plaintiff to avoid the accident.

21. That as a direct result of Defendant Madero's negligence and negligence per se, Plaintiff has incurred medical bills, together with physical, emotional pain and suffering, loss of wages, and loss of future earning capacity. Further, the actions of Defendant Madero were such as to give rise to punitive damages.

### Second Count – Plaintiff Maribel Peraza
*Negligence & Negligence per se*
*Defendant Juan Madero*

22. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

23. Defendant Madero had a duty to act reasonably and use due care while driving. Defendant Madero had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Texas, to maintain proper speed for the conditions, to reduce the speed of his truck to avoid an accident, and to pay full time and attention to the operation of his vehicle and to avoid a collision.

24. Defendant Madero had a duty to "not drive at a speed that is greater than is reasonable and prudent under the circumstances then existing" and to have "a regard for actual and potential hazards then existing." (Texas Transportation Code: Chapter 545: Subchapter H: Sec. 545.351).

25. Defendant Madero breached those duties of care, and violated Texas State law with respect to those duties, which was the direct and proximate cause of the injuries sustained by Plaintiff Maribel Peraza, and were incurred without contributory negligence or assumption of the risk of the part of Plaintiff, or an opportunity for Plaintiff to avoid the accident.

26. That as a direct result of Defendant Madero's negligence and negligence per se, Plaintiff has incurred medical bills, together with physical, emotional pain and suffering, loss of wages, and loss of future earning capacity. Further, the actions of Defendant Madero were such as to give rise to punitive damages.

### Third Count – Plaintiff R.P.
*Negligence & Negligence per se*
*Defendant Juan Madero*

27. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

28. Defendant Madero had a duty to act reasonably and use due care while driving. Defendant Madero had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Texas, to maintain proper speed for the conditions, to reduce the speed of his truck to avoid an accident, and to pay full time and attention to the operation of his vehicle and to avoid a collision.

29. Defendant Madero had a duty to "not drive at a speed that is greater than is reasonable and prudent under the circumstances then existing" and to have "a regard for actual and potential hazards then existing." (Texas Transportation Code: Chapter 545: Subchapter H: Sec. 545.351).

30. Defendant Madero breached those duties of care, and violated Texas State law with respect to those duties, which was the direct and proximate cause of the injuries sustained by Plaintiff R.P., and were incurred without contributory negligence or assumption of the risk of the part of Plaintiff, or an opportunity for Plaintiff to avoid the accident.

31. That as a direct result of Defendant Madero's negligence and negligence per se, Plaintiff has incurred medical bills, together with physical, emotional pain and suffering, loss of wages, and loss of future earning capacity. Further, the actions of Defendant Madero were such as to give rise to punitive damages.

## Fourth Count – Plaintiff D.P.
*Negligence & Negligence per se*
*Defendant Juan Madero*

32. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

33. Defendant Madero had a duty to act reasonably and use due care while driving. Defendant Madero had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Texas, to maintain proper speed for the conditions, to reduce the speed of his truck to avoid an accident, and to pay full time and attention to the operation of his vehicle and to avoid a collision.

34. Defendant Madero had a duty to "not drive at a speed that is greater than is reasonable and prudent under the circumstances then existing" and to have "a regard for actual and potential hazards then existing." (Texas Transportation Code: Chapter 545: Subchapter H: Sec. 545.351).

35. Defendant Madero breached those duties of care, and violated Texas State law with respect to those duties, which was the direct and proximate cause of the injuries sustained by Plaintiff D.P., and were incurred without contributory negligence or assumption of the risk of the part of Plaintiff, or an opportunity for Plaintiff to avoid the accident.

36. That as a direct result of Defendant Madero's negligence and negligence per se, Plaintiff has incurred medical bills, together with physical, emotional pain and suffering, loss of wages, and loss of future earning capacity. Further, the actions of Defendant Madero were such as to give rise to punitive damages.

### Fifth Count – Plaintiff T.P.
*Negligence & Negligence per se*
*Defendant Juan Madero*

37. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

38. Defendant Madero had a duty to act reasonably and use due care while driving. Defendant Madero had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Texas, to maintain proper speed for the conditions, to reduce the speed of his truck to avoid an accident, and to pay full time and attention to the operation of his vehicle and to avoid a collision.

39. Defendant Madero had a duty to "not drive at a speed that is greater than is reasonable and prudent under the circumstances then existing" and to have "a regard for actual and potential hazards then existing." (Texas Transportation Code: Chapter 545: Subchapter H: Sec. 545.351).

40. Defendant Madero breached those duties of care, and violated Texas State law with respect to those duties, which was the direct and proximate cause of the injuries sustained by Plaintiff T.P., and were incurred without contributory negligence or assumption of the risk of the part of Plaintiff, or an opportunity for Plaintiff to avoid the accident.

41. That as a direct result of Defendant Madero's negligence and negligence per se, Plaintiff has incurred medical bills, together with physical, emotional pain and suffering, loss of wages, and loss of future earning capacity. Further, the actions of Defendant Madero were such as to give rise to punitive damages.

### Sixth Count
*Gross Negligence & Negligence per se*
*Defendant RJ Auto Motors, Inc.*

42. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

43. Upon information and belief, Defendant RJ Auto Motors recklessly engaged in a policy, pattern and practice of having its drivers violate the F.M.C.S.A regulations.

44. Upon information and belief, Defendant RJ Auto Motors knew or should have known that its drivers were routinely working shifts longer than permitted under the F.M.C.S.A regulations, driving more hours per day than permitted under the F.M.C.S.A regulations, driving more consecutive hours without rest than permitted under the limits set forth in the F.M.C.S.A. regulations, and working more hours per week than permitted under the F.M.C.S.A regulations.

45. Defendant RJ Auto Motors not only failed to condemn these actions, but condoned this practice of its drivers routinely violating the F.M.C.S.A regulations.

46. Defendant RJ Auto Motors knew or should have known that its drivers were routinely fatigued, thus putting themselves and others on the road in danger

47. Upon information and belief, Defendant RJ Auto Motors recklessly failed to take proper measures to combat the serious danger of its drivers suffering from fatigue.

48. As a direct, substantial, and proximate result of the reckless conduct of Defendant RJ Auto Motors as set forth above, Plaintiffs suffered serious injuries and damages.

49. Defendant RJ Auto Motors 's acts and/or failures to act under the circumstances of this case were outrageous in that Defendant RJ Auto Motors' conduct amounted to a reckless indifference to the safety of its drivers and/or other driver's and passengers on the road.

50. Defendant knew, or should have known, that its actions were substantially certain to result in serious injury because operating trucks, by its nature, is a dangerous activity, and Defendant RJ Auto Motors heightened this danger through its activities.

51. That as a direct result of the Defendant RJ Auto Motors' conduct, Plaintiffs have incurred medical expenses, together with physical, emotional pain and suffering, loss of wages, and loss of future earning capacity.

52. Further, as a result of Defendant RJ Auto Motors reckless, willful and wanton conduct, it should be appropriately punished with the imposition of punitive damages.

### Seventh Count
### Negligent Entrustment
*Defendant RJ Auto Motors, Inc.*

53. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

54. The injuries, harm, and damages were incurred by Plaintiffs as a result of the use of the vehicle by Defendant Madero in a negligent and reckless manner, which because of prior actions, Defendant RJ Auto Motors knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving a truck.

55. Defendant RJ Auto Motors, as the employer of Defendant Madero, had the right to permit and the power to prohibit the use of its truck by Defendant Madero.

56. Defendant RJ Auto Motors knew, or had reason to know, that Defendant Madero because of prior actions was likely to drive his truck in a negligent and reckless manner.

57. As a direct result of Defendant RJ Auto Motors negligently entrusting Defendant Madero, who operated said vehicle owned by Defendant RJ Auto Motors in a negligent and reckless

manner, the Plaintiffs, without any contributory negligence, did suffer the injuries, damage, and harm as previously stated.

58. That as a direct result of the Defendant RJ Auto Motors' negligent entrustment, Plaintiffs have incurred medical expenses, together with physical, emotional pain and suffering, loss of wages, and loss of future earning capacity. Further, the actions of Defendant RJ Auto Motors were such as to give rise to punitive damages.

### Eighth Count
### Negligent Hiring and Retention
*Defendant RJ Auto Motors, Inc.*

59. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

60. Defendant RJ Auto Motors had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant RJ Auto Motors owed such duty to Plaintiff and such duty was breached.

61. Defendant RJ Auto Motors knew, or should have known, that Defendant Madero would be likely to operate a motor vehicle in a negligent and reckless manner.

62. Defendant RJ Auto Motors knew, or should have known, that Defendant Madero was not competent or fit for the duties required of him as an employee. Defendant Madero breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

63. As a result of Defendant RJ Auto Motors' negligence in hiring and retaining Defendant Madero, Plaintiffs did suffer injuries, damage, and harm as previously stated.

64. That as a direct result of the Defendant RJ Auto Motors' negligent entrustment, Plaintiffs have incurred medical expenses, together with physical, emotional pain and suffering, loss of wages, and loss of future earning capacity. Further, the actions of Defendant RJ Auto Motors were such as to give rise to punitive damages.

### DEMAND FOR A JURY TRIAL – ATTORNEY LIEN CLAIMED

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c), and Plaintiff's counsel claims an attorney lien.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand upon Defendants:

1. actual, compensatory and statutory damages in excess of $75,000;
2. punitive damages as allowed by law;
3. pre and post-judgment interest as allowed by law;
4. an award of attorney's fees as allowed by law;
5. an award of taxable costs; and,
6. any and all such further relief as this Court deems just and proper.

Respectfully submitted,


 /s/ Selim K. Fiagome
SELIM K. FIAGOME
State Bar No. 24082475

FIAGOME LAW FIRM PLLC
990 Hwy 287 N. Suite 106 # 195
Mansfield, TX 76063
(817) 962-2221
(817) 962-2474 – Fax
sfiagome@fiagomelaw.com
*Local Counsel for Plaintiffs*

*and,*

Thomas Mortensen (Lead Counsel)
Oklahoma State Bar No. 19183
1331 S. Denver Ave.
Tulsa, Oklahoma 74119
(918) 392-9992
(918) 392-9993 – Fax
tmort70@hotmail.com
*Pro Hac Vice Applicant - Attorney for Plaintiffs*