IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| JOSE PERAZA, et al., | § | |
| --- | --- | --- |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-CV-00160-BL |
| | § | |
| RJ AUTO MOTORS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION

Federal Rule of Civil Procedure 4(m) provides that the court "must dismiss the action without prejudice against" any defendant not served within 90 days from the filing of the complaint or require service to be made within a specified time. The complaint in this case was filed on August 25, 2016, and so service under Rule 4(m) was required by November 23, 2016. (Doc. 1). Two separate entries in the record indicate Peraza sent service by certified mail on December 28, 2016 to a registered agent for RJ Auto Motors which was delivered on January 3, 2017. (Docs. 10; 11). There is no record of service being effected on Madero, the other defendant.

On February 6, 2017 the undersigned ordered Plaintiffs "to effect sufficient service under Federal Rule of Civil Procedure 4 on both defendants by March 10, 2017, or the undersigned will recommend that all claims against a defendant not served after this order and before March 10, 2017 be dismissed without prejudice." (Doc. 12). Plaintiffs have not submitted certificates of service after that order or otherwise responded, and so it is **RECOMMENDED** that Plaintiffs' complaint be **DISMISSED** against all defendants.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    It is **ORDERED** that this case be transferred back to the district court.

    **SO ORDERED.**

Dated March 20, 2017.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**